Filed 8/25/14  P. v. Vasquez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISIDRO VAZQUEZ,<br><br>    Defendant and Appellant. | E060910<br><br>(Super.Ct.No. SWF1301229)<br><br>**OPINION** |

APPEAL from the Superior Court of Riverside County.  Michael J. Rushton, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

## INTRODUCTION

On November 12, 2013, an amended information charged defendant and appellant Isidro Vazquez with sexual penetration by force upon a child under 14 and seven or more years younger under Penal Code[1] section 269, subdivision (a)(5) (count 1); lewd and lascivious act on a child under 14 with intent to arouse under section 288, subdivision (a) (count 2); lewd and lascivious acts upon a child under 14 by force with the intent to arouse under section 288 subdivision (b)(1) (counts 3, 4); and rape of a child under 14 and seven or more years younger under sections 269 subdivision (a)(1) and 261, subdivision (a)(2) or (a)(6) (count 5). The amended information alleged that counts 1 and 2 occurred on or about September of 2012; that count 3 occurred on or about 2012; and counts 4 and 5 occurred on or about January of 2013.

On the same date as the filing of the amended information, defendant entered into a plea agreement wherein he would plea guilty to counts 1 and 4, with the stipulated agreement that the custody term would be 15 years to life with lifetime sex offender registration under section 290. At the change of plea hearing, the court advised defendant of the charges to which he was pleading guilty, the stipulated sentence, and the lifetime registration requirement. Defendant indicated that he understood these advisements. Defendant acknowledged that nothing else was promised to him to induce the guilty plea, and indicated that his attorney had explained the 15-year-to-life sentence to him. The

---

[1] All statutory references are to the Penal Code unless otherwise specified.

court then explained that defendant would have to serve at least 15 years before he would be eligible for a parole evaluation. The court continued: "But depending upon that parole evaluation, you may or may not be released from prison. If you are ever released from prison, you will be on parole for the rest of your life. It's a life parole tail. So it's important to me that you understand that. Do you understand what I just explained to you?"

Defendant responded, "yes, I do." He then stated that it was his desire to proceed with the stipulated plea agreement.

Thereafter, the court went over the plea form. Defendant acknowledged that he had initialed, dated, and signed the form; and that prior to doing so, he had read and understood all the rights he was waiving and the consequences of pleading guilty, including the lifetime registration requirement. The court asked, "were you able to fully discuss it with your attorney?" Defendant replied, "yes." When the court asked if defendant had any additional questions for his attorney or for the court related to the terms and conditions of the plea agreement, defendant replied, "no, your Honor." Defendant then entered a plea of guilty as to counts 1 and 4. The court then described the acts pertaining to counts 1 and 4, and asked defendant if it was true that defendant committed these acts. Defendant replied "yes" as to both counts. He also agreed that count 1 occurred in September of 2012, and that both counts occurred in Riverside County.

The court found that defendant had knowingly and intelligently waived his statutory and constitutional rights; the plea was free, knowing, and voluntary; and there was a factual basis for the plea to each count. The court then accepted the guilty pleas as to counts 1 and 4, and found defendant guilty as charged as to those counts. The court ordered a probation report to be prepared.

On January 31, 2014, in an in-chambers discussion, defense counsel informed the trial court that defendant wanted to file a motion to withdraw his plea based on ineffective assistance of counsel (IAC), and wanted counsel to be removed as defense counsel for defendant. The court held a *Marsden*[2] hearing; it denied defendant's request. Thereafter, in open court, the court asked counsel if there was any other basis upon which to proceed with a motion to withdraw defendant's plea. Counsel responded there was not. The court then proceeded to sentencing.

The court stated that it had read and considered the probation report. Based on the plea agreement, the court sentenced defendant to 15 years to life on count 1, and imposed the midterm of eight years on count 4, to be served concurrently with the sentence on count 1. The court informed defendant of other conditions, including AIDS testing, DNA analysis, various fines and fees, and a lifetime sex offender requirement. The court reserved jurisdiction on any victim restitution per section 290.3. The court then dismissed counts 2, 3, and 5 in the interest of justice.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

4

On March 26, 2014, through counsel, defendant filed a timely notice of appeal challenging the validity of the plea or admission. Attached to the notice of appeal was a request for certificate of probable cause. Defense counsel stated:

"Defendant requested a *Marsden* hearing on the date of sentencing. The defendant wished to withdraw his plea and proceed to trial. Defendant disclosed confidential information at the *Marsden* hearing to support his position that he should be permitted to withdraw his plea. The court conducted the *Marsden* hearing and considered the defendant's testimony. The court denied the *Marsden* motion. The court further would not permit the defendant to withdraw his guilty plea. The court sentenced the defendant to the term specified in the plea agreement. It is defendant's position that he did not receive the effective assistance of counsel, as detailed in his *Marsden* Motion. [¶] Defense counsel presented this Request for certificate of probable cause to Judge Rushton with the above paragraph only and was instructed to file it with the court clerk for his review."

The court granted defendant's request for a certificate of probable cause.

On April 1, 2014, defendant filed another notice of appeal in pro per. Attached was another request for a certificate of probable cause. Defendant wrote:

"There are several reasons that I would like to make an appeal on my plea. First, I served in the Marines and was involved in severe combat. This led to much [sic] stress and anxiety. I believe that I was never properly evaluated for my post traumatic stress disorder (Veterans Affairs has records of my pre-incarceration diagnosis). Prior to my

5

plea and this affected my decision making abilities and only after my plea was I evaluated by the Riverside County/Jail Psychiatrist. Psychiatrist seen and diagnosed me with PTSD, severe anxiety and ultimately prescribed medication (Zoloft) with the aforementioned, I believe my Public Defender misguided and misinformed me as to the plea I entered. He pressured and rushed me into a decision which I did not fully comprehend nor understand in my state of duress, high stress and anxiety. Lastly, English not being my first language also played a role (translator was never offered) and both Public Defender and Judge were clearly notified of this along with stating that I had to this point not been properly evaluated, after my motion for appeal was denied. The plea entered had false and misinformed information. I believe as an alternative to imprisonment I need evaluation and proper treatment for mental health.

Again, the trial court granted defendant's request for a certificate of probable cause.

## II

## STATEMENT OF FACTS

As to count 1, defendant admitted that on or about September 1, 2012, he engaged in an act of sexual penetration by force, violence, duress, fear, menace or threat upon Jane Doe, a child who was under the age of 14 and seven years younger than defendant.

As to count 4, defendant admitted that on or about January 2013, he committed a lewd and lascivious act upon the body of Jane Doe, who was under the age of 14, by use

6

of force, violence, duress or menace of fear or bodily injury, with the intent of arousing or appealing to or gratifying the lust, passions and sexual desires of himself or the child.

### III

### ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On July 22, 2014, defendant filed a two-page handwritten brief. In his brief, defendant essentially argues that appellate counsel rendered IAC.

In order to establish a claim of IAC, defendant must demonstrate, "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result. [Citations.] A 'reasonable probability' is one that is enough to undermine confidence in the outcome. [Citations.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541, citing, among other cases, *Strickland v. Washington* (1984) 466 U.S. 668; accord, *People v. Boyette* (2002) 29 Cal.4th 381, 430.) Hence, an IAC claim has two components: deficient performance and prejudice. (*Strickland v. Washington*, *supra*, at pp. 687-688, 693-694; *People v. Williams* (1997) 16

7

Cal.4th 153, 214-215; *People v. Davis* (1995) 10 Cal.4th 463, 503; *People v. Ledesma* (1987) 43 Cal.3d 171, 217.) If defendant fails to establish either component, his claim fails. When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation. (*People v. Pope* (1979) 23 Cal.3d 412, 426.)

In this case, defendant appears to be claiming that his trial counsel's performance was deficient because his counsel coerced defendant into accepting the plea agreement. Defendant argues that he was suffering from anxiety and post-traumatic stress disorder at the time he entered the plea agreement. The mental illnesses, however, were not diagnosed.

We have reviewed the record to address defendant's contention. We note that defendant raised the exact issues at the *Marsden* hearing. His counsel told the court: "Your Honor, [defendant] had told me several weeks ago that he wanted to withdraw his plea. I met with him at the jail, and he believes that he received ineffective assistance of counsel and that he should not have pled guilty, that he is actually innocent of the crime, and that made me believe that we should have a Marsden hearing because that's the process to start potentially withdrawing his plea."

Defendant addressed the court as follows:

"Okay. I had a struggle when I first made a decision due to the fact that I was diagnosed with PTSD from the Marine Corps, from the V.A. I've been - - I went to combat back in 2009. I was never evaluated for mental health, and I was never given any advice about any Veterans Court. Now, I find out, after I made the pleading, I went and checked out mental health, and they evaluated me, and they are giving me antidepressant, antianxiety, and a stress pill which is called Zoloft, and I'm also getting with them - - I'm supposed to get some counseling."

When the court asked what his concerns had "to do with anything that we're dealing with in our case[,]" defendant responded: "I feel like I was not really told about the mental health care evaluation or any Veterans Court, where I could have maybe waited to see if that would apply instead of making my decision, sir."

The court, defendant and his counsel then discussed the Veterans Court and how defendant's case could have been handled there. The court mentioned the seriousness of the charges against defendant. The court commented: "This case was never - - I would have never sent this to Veterans Court, Mr. Vasquez. This is the kind of case where, if you are convicted, you are going to do life or more. If you are acquitted, you are acquitted and you don't have anything to worry about. It's highly unlikely that there is going to be a probationary outcome of this case if you were found guilty. So it's not really one of those cases for which Veterans Court would be in the ball game. Okay. [¶] Be that as it may, that's a concern that you have. You wish you would have been referred to Veterans Court. Given the nature of the charges, Veterans Court is not the kind of

9

court where this sort of case would go. Okay. But I'm still hearing and listening to what you have to say. . . "

The court mentioned that during a polygraph interview with the police, defendant made incriminating statements that led to his arrest. Therefore, the court encouraged the parties to resolve the case instead of going to trial.

Thereafter, the court discussed with defendant his options for rehabilitation. In response to the court's question about what defendant would have attended rehabilitation for, defendant stated, "I don't know. Maybe they are the ones that's going to evaluate me and find out what's the right diagnosis with my posttraumatic stress disorder."

Defendant then went on to state that he was pressured by his attorney to sign the plea agreement. When the court indicated he went over the plea agreement with defendant, defendant stated that he "was in shock" and "just didn't care at the moment." The defendant, when asked, also confirmed that he reviewed the plea form and stated that he had read it and understood it.

Defense counsel then testified and stated that he believed that defendant would be convicted from the victim's and defendant's statements. Defense counsel stated, "In context, it seemed to me like a slam dunk. That was my perspective. That was what I conveyed to him. That was, in short, the pressure I was putting on him, was I thought we were between a rock and a hard place." Defense counsel then noted that it appeared that defendant agreed to plead guilty in an effort to protect his family and the victim.

The court summarized the testimonies of both defendant and defense counsel. The court stated – "[b]ased on all of that and what I knew about the case and the fact that I encouraged these discussions, it seems to the Court that [defense counsel] did behave in a professional and appropriate manner. He knew his case inside and out. He felt that he didn't have a great case to put in front of the jury, and he wanted to limit [defendant's] liability and [his] exposure. And it seems to the Court that that is more than adequate representation. He worked very hard on [defendant's behalf]." The court stated that defendant failed on his IAC claim in that defendant did not make a "substantial showing that appointed counsel failed to provide adequate representation[,]" and denied defendant's *Marsden* motion based on an IAC claim.

We agree with the trial court and based on the above, we cannot find that defense "counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms." (*People v. Dennis*, *supra*, 17 Cal.4th at p. 540.) Hence, defendant's IAC claim has failed to meet the deficient performance component.

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*People v. Kelly* (2006) 40 Cal.4th 106.)

# IV

# DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI

J.

We concur:

McKINSTER

      Acting P. J.

MILLER

      J.